**E-FILED**
Thursday, 31 July, 2008  05:43:33 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| **JACK L. STONER,** | |
| **Plaintiff,** | |
| **vs.** | **No. 06-CV-04053** |
| **WAL-MART STORES, INC., a Delaware corporation; and MURPHY OIL USA, INC., a Delaware corporation,** | |
| **Defendants.** | |

### PLAINTIFF'S MOTION TO STRIKE, OR, IN THE ALTERNATIVE, PLAINTIFF'S RESPONSE TO DEFENDANT WAL-MART STORES, INC.'S MOTION TO DISMISS COUNTS III, IV AND V OF PLAINTIFF'S AMENDED COMPLAINT

Plaintiff Jack L. Stoner, by Grant R. Gulovsen of Barash & Everett, LLC, his attorneys,

moves to strike Defendant Wal-Mart Stores, Inc.'s Motion to Dismiss Counts III, IV and V of

Plaintiff's Amended Complaint, or, in the alternative, responds thereto, as follows:

-I-
### Motion to Strike Defendant Wal-Mart Stores, Inc.'s Motion to Dismiss Counts III, IV and V of Plaintiff's Amended Complaint

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") ostensibly filed its Motion to Dismiss

Counts III, IV and V of Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure.  (Wal-Mart's Mot. Dismiss at 1.)  However, according to Wal-Mart's

own motion and Rule 12(d) of the Federal Rules of Civil Procedure, "[i]f, on a motion under

Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the

court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P.

12(d).  Furthermore, according to CDIL Local Rule 7.1(D), "All motions for summary judgment

and responses and replies thereto shall comply with the requirements of this rule."  CDIL-LR

7.1(D). Wal-Mart's motion does not comply with the format requirements of CDIL-LR 7.1(D), in that it fails to "[l]ist and number each undisputed material fact which is the basis for the motion for summary judgment," fails to "[i]nclude as exhibits to the motion all relevant documentary evidence," and fails to "provide citations to the documentary evidence that supports it appropriately referencing the exhibit and page" for each fact asserted. CDIL-LR 7.1(D)(1)(b). Wherefore, pursuant to CDIL-LR 7.1(D), Plaintiff respectfully requests this Court to STRIKE in its entirety Wal-Mart's Motion to Dismiss Counts III, IV and V of Plaintiff's Amended Complaint.

However, in the event that this Court chooses not to strike Wal-Mart's Motion to Dismiss Counts III, IV and V of Plaintiff's Amended Complaint in accordance with CDIL-LR 7.1(D), Plaintiff responds thereto as follows:

**-II-**
**Response to Defendant Wal-Mart Stores, Inc.'s Motion to Dismiss Counts III, IV and V of Plaintiff's Amended Complaint**

In its Motion to Dismiss Counts III, IV and V of Plaintiff's Amended Complaint, Wal-Mart argues that Count III of Plaintiff's Amended Complaint should be denied because "[t]he Illinois Supreme Court … has not recognized a cause of action in Illinois for intentional spoliation of evidence" (Wal-Mart's Mot. Dismiss at 3), and that Counts IV and V of Plaintiff's Amended Complaint should be denied because Plaintiff is unable to prove the causation and damage elements of a cause of action for negligent spoliation of evidence (Wal-Mart's Mot. Dismiss at 3-5). However, as discussed below, the Illinois Supreme Court would undoubtedly recognize the tort of intentional spoliation if faced with Wal-Mart's blatant manipulation and destruction of the security footage in this case, and Plaintiff's Amended Complaint satisfies the causation and damage elements articulated by the Illinois Supreme Court for pleading negligent

spoliation of evidence.  As a result, Plaintiff respectfully requests this Court to DENY in its

entirety Defendant Wal-Mart Stores, Inc.'s Motion to Dismiss Counts III, IV and V of Plaintiff's

Amended Complaint.


### -III-
### Plaintiff Requests this Court to Deny Wal-Mart's Motion to Dismiss Count III of Plaintiff's Amended Complaint, as the Illinois Supreme Court Would Recognize the Tort of Intentional Spoliation Given Wal-Mart's Blatant Manipulation and Destruction of Evidence in this Case

In its Motion to Dismiss, Wal-Mart instructs this Court to dismiss Count III of Plaintiff's

Amended Complaint because "[t]he Illinois Supreme Court … has not recognized a cause of

action in Illinois for intentional spoliation of evidence."  (Wal-Mart's Mot. Dismiss at 3.)

Although it is true that the Illinois Supreme Court has never had occasion to recognize the

existence of an independent cause of action for intentional spoliation of evidence, it has also

never explicitly denied the existence of that tort.  See Boyd v. Travelers Ins. Co., 166 Ill. 2d 188,

652 N.E.2d 267, 209 Ill. Dec. 727 (Ill. 1995).  Instead, in Boyd the Illinois Supreme Court stated

as follows:

> [Plaintiffs] ask this court to recognize intentional spoliation of evidence as a new tort. *Even if we were inclined to do so,* count II of plaintiffs' complaint fails for factual insufficiency.  Plaintiffs' complaint alleges only that Travelers' agent placed the heater in a closet, and that it later could not be found.  It may not be inferred from these allegations that Travelers intentionally destroyed or misplaced the heater.  Therefore, count II fails to state a cause of action for intentional spoliation of evidence.

> Id. at 201, 652 N.E.2d at 273, 209 Ill. Dec. at 733 (emphasis added).

The Seventh Circuit has also noted in dicta, in Borsellino v. Goldman Sachs Group, Inc., 477

F.3d 502 (7th Cir. 2007), that the Illinois Supreme Court has not yet officially recognized the

existence of an independent cause of action for intentional spoliation of evidence, but just as in

Boyd it never had to reach the issue directly because it found that the plaintiffs' underlying claim

was without merit.  Borsellino, 477 F.3d at 510.

3

Because the Illinois Supreme Court has never had a proper occasion to recognize the existence of an independent cause of action for intentional spoliation of evidence, and because this Court is acting within its diversity jurisdiction, it is appropriate for this Court to "attempt to decide the case as the highest court of the state supplying the law would do." Todd v. Societe BIC, S.A., 9 F. 3d 1216, 1221 (7th Cir. 1993). If ever there was a set of facts under which the Illinois Supreme Court would be inclined to recognize the existence of an independent cause of action for intentional spoliation of evidence, Wal-Mart's blatant manipulation and destruction of the security footage in this case would most certainly qualify.

The elements necessary to prove the cause of action of intentional spoliation of evidence are: "(1) existence of a potential civil action, (2) the defendant's knowledge of the potential action, (3) destruction of relevant evidence, (4) intent, (5) a cause connection between the destruction of evidence and the plaintiff's inability to prove the lawsuit, and (6) damages." Welch v. Wal-Mart Stores, Inc., No. 04-C-50023, 2004 WL 1510021, at *4 (N.D. Ill. July 1, 2004). In contrast to the complaint rejected by the Illinois Supreme Court in Boyd, Count III of Plaintiff First Amended Complaint properly pleads all of these elements, as follows: (1) the existence of a potential civil action against Wal-Mart (Am. Compl. at 6); (2) Wal-Mart's knowledge of the potential civil action (Am. Compl. at 6); (3) Wal-Mart's intentional destruction of the security footage (Am. Compl. at 7); and (4) a causal connection between the destruction of the security footage, Plaintiff's inability to prove his lawsuit and damages (Am. Compl. at 7). Since Plaintiff has properly pled all of the allegations necessary to prove intentional spoliation of evidence, this Court may follow the example set by the Northern District of Illinois in multiple cases acknowledging the existence of an independent cause of action for intentional spoliation of evidence post-Boyd. See, e.g., Remus v. Sheahan, No. 05-C-1495, 2006 WL 418654, at *11

4

(N.D. Ill. February 16, 2006); <u>Welch</u>, No. 04-C-50023, 2004 WL 1510021, at *4; <u>Broadnax v. ABF Freight Systems, Inc.</u>, No. 96-C-1674, 1998 WL 140884, at *4 (N.D. Ill. March 26, 1998); <u>Williams v. General Motors Corp.</u>, 93-C-6661, 1996 WL 420273, at *3 (N.D. Ill. July 25, 1996).

In addition to the legal considerations discussed above, there is also a very strong public policy argument for allowing Plaintiff to proceed with his intentional spoliation of evidence claim against Wal-Mart.  This is not a case where Wal-Mart simply recycled a security tape thereby making it unavailable to Plaintiff.  <u>See, e.g.</u>, <u>Welch</u>, No. 04-C-50023, 2004 WL 1510021, at *3-4.  Instead, the evidence shows that Wal-Mart knowingly copied only that portion of the videotape showing Plaintiff after he fell and destroyed the remainder of the tape in order to support its assertion that Plaintiff "actually fell in front of the sign" (Am. Compl. Ex. 3 at 1, Ex. 5 at 1) and so its expert could state, "It is not physically possible for Mr. Stoner to have tripped over the south most leg of the sign while walking toward the entrance door and then come to rest in the location and position he was found after falling" (Ex. A at 1).  Such blatant and obviously self-serving manipulation and destruction of important evidence is the very reason that other states have recognized an independent cause of action for intentional spoliation of evidence. <u>See, e.g.</u>, <u>Rizzuto v. Davidson Ladders, Inc.</u>, 280 Conn. 225, 905 A.2d 1165 (Conn. 2006); <u>Hannah v. Heeter</u>, 213 W. Va. 704, 584 S.E.2d 560 (W. Va. 2003); <u>Oliver v. Stimson Lumber Co.</u>, 297 Mont. 336, 993 P.2d 11 (Mont. 1999); <u>Smith v. Howard Johnson Co., Inc.</u>, 67 Ohio St. 3d 28, 615 N.E.2d 1037 (Ohio 1993); <u>Hazen v. Municipality of Anchorage</u>, 718 P.2d 456 (Alaska 1986).

In conclusion, Plaintiff has properly pled all of the necessary elements of intentional spoliation of evidence, and faced with Wal-Mart's blatant manipulation and destruction of the security footage in this case, the Illinois Supreme Court would certainly be inclined to recognize

the existence of an independent cause of action for intentional spoliation of evidence.  As a result, Plaintiff respectfully requests this Court to DENY Defendant Wal-Mart's Motion to Dismiss Count III of his Amended Complaint.

### -IV-
### Plaintiff Requests this Court to Deny Wal-Mart's Motion to Dismiss Count IV of Plaintiff's Amended Complaint, as Count IV of Plaintiff's Amended Complaint Satisfies the Causation and Damage Elements Articulated in <u>Boyd</u>

As Wal-Mart correctly states in its Motion to Dismiss, the elements necessary for proving negligent spoliation of evidence in Illinois are the same as those necessary for proving ordinary negligence:  "(1) the existence of a duty; (2) a breach of that duty; (3) an injury proximately caused by that breach; and (4) damages."  (Wal-Mart's Mot. Dismiss at 3.)  Wal-Mart's Motion to Dismiss Count IV of Plaintiff's Amended Complaint focuses on the last two elements, i.e., proximate cause and damages.  In making a determination on these elements, <u>Boyd</u> is instructive:

> A plaintiff need not show that, but for the loss or destruction of the evidence, the plaintiff would have prevailed in the underlying action.  This is too difficult a burden, as it may be impossible to know what the missing evidence would have shown.  A plaintiff must demonstrate, however, that but for the defendant's loss or destruction of the evidence, the plaintiff had a *reasonable probability* of succeeding in the underlying suit.  In other words, if the plaintiff could not prevail in the underlying action even with the lost or destroyed evidence, then the defendant's conduct is not the cause of the loss of the lawsuit.  This requirement prevents a plaintiff from recovering where it can be shown that the underlying action was meritless.

<u>Boyd</u>, 166 Ill. 2d at 196, 652 N.E.2d at 271, 209 Ill. Dec. at 731 n.2 (emphasis added).  The focus, therefore, is not upon whether the spoliated evidence is the "only" evidence that could prove Plaintiff's case, as Wal-Mart suggests, but whether Plaintiff would have a "reasonable probability" of success in the underlying suit had the evidence not been destroyed.  <u>Id.</u>

This interpretation is supported by the Northern District of Illinois in <u>Forsythe v. Black Hills Corp.</u>, 04-C-5361, 2008 WL 373177, at *2 (N.D. Ill. February 8, 2008).  In <u>Forsythe</u>, the plaintiffs, former shareholders of a company purchased by defendant Black Hills Corporation,

6

sued the defendant for breach of contract, alleging that the defendant had artificially deflated its income to reduce the amount of compensation received by the plaintiffs under the terms of the contract.  Id. at *1.  In addition to the breach of contract claims, the plaintiffs in Forsythe also alleged negligent spoliation of electronic evidence, including emails and computer workstations that might have helped them prove their breach of contract claims.  Id. at *2.  The defendant in Forsythe argued that the plaintiffs had enough evidence to prove their case, thereby precluding them from alleging any damages caused by the spoliation.  Id. at *8-*11.  In denying the defendant's motion for summary judgment on the issue of negligent spoliation, the court in Forsythe stated as follows:

> [Defendant's] narrow argument that plaintiffs have all the evidence they need to verify [their claim] misses the point.  Other evidence of intentional actions to undercut [the payments received by the plaintiffs], which may not be readily reflected in the [payment] calculation per se, might have been lost.  A reasonable jury could find that but for such evidence, plaintiffs could have prevailed in a claim for breach of [a provision of the contract].  In any event, the Court cannot now conclude that plaintiffs' underlying suit is obviously meritless, which was the Boyd court's animating concern with regard to causation in the spoliation context.

> Id. at *11.

In this case, Wal-Mart is making the exact same argument made by the defendant in Forsythe, namely that because Plaintiff can testify that he tripped over the Murphy Oil Sign, he is precluded from alleging any damages were caused by Wal-Mart's spoliation of the security footage.  If the fact that Plaintiff tripped over the leg of the sign was not a disputed issue, Wal-Mart's argument might actually carry some weight.  However, as already noted, Wal-Mart's employees have alleged that Plaintiff "actually fell in front of the sign" (Am. Compl. Ex. 3 at 1), and Wal-Mart's retained expert is claiming that "[i]t is not physically possible for Mr. Stoner to have tripped over the south most leg of the sign while walking toward the entrance door" (Ex. A at 1).  Without the spoliated security footage, Plaintiff has absolutely no way to rebut

conclusively these defenses.  In addition, not only could the spoliated security footage be used to prove that Plaintiff actually tripped over the leg of the Murphy Oil Sign, it could also be used to attack the credibility of Wal-Mart's retained expert.  Similarly, if the spoliated security footage showed Plaintiff not tripping over the leg of the sign, his entire case, including every count against Wal-Mart and Murphy Oil, would necessarily have to be dismissed on summary judgment.  Unfortunately, neither this Court nor the jury will be able to make such a determination with certainty, because Wal-Mart destroyed that portion of the security tape that would have shown him tripping (or not tripping) over the sign.

In conclusion, Plaintiff has properly pled all of the necessary elements of negligent spoliation of evidence as outlined in <u>Boyd</u>, and without access to the spoliated security footage, Plaintiff has no way to rebut conclusively Wal-Mart's claim that Plaintiff did not trip over the Murphy Oil Sign.  For these reasons, Plaintiff respectfully requests this Court to DENY Defendant Wal-Mart's Motion to Dismiss Count IV of his Amended Complaint.

### -V-
### Plaintiff Requests this Court to Deny Wal-Mart's Motion to Dismiss Count IV of Plaintiff's Amended Complaint, as Count V of Plaintiff's Amended Complaint Satisfies the Causation and Damage Elements Articulated in <u>Boyd</u>

Wal-Mart's Motion to Dismiss Count V of Plaintiff's Amended Complaint relies upon similar reasoning as its Motion to Dismiss Count IV, arguing that because it is possible for Plaintiff to prove his case without the Murphy Oil Sign, "there is no damage or prejudice to [P]laintiff" from Wal-Mart's negligent spoliation of the sign.  (Wal-Mart's Mot. Dismiss at 5.) However, contrary to Wal-Mart's argument, the Murphy Oil Sign is in fact "critical" to Plaintiff's case.  As a result, a jury could find that "but for [Wal-Mart's] loss or destruction of the [sign], [P]laintiff had a reasonable probability of succeeding in the underlying suit," <u>Boyd</u>, 166 Ill. 2d at

196, 652 N.E.2d at 271, 209 Ill. Dec. at 731 n.2, thereby satisfying the causation and damage elements of Plaintiff's claim for negligent spoliation of evidence.

If Wal-Mart had not spoliated the security footage showing Plaintiff tripping over the leg of the Murphy Oil Sign, production of the sign may not have been as important. However, because Wal-Mart is denying the fact that Plaintiff even tripped over the leg of the sign (Am. Compl. Ex. 3 at 1; Ex. A at 1), its exact dimensions, including its weight, are critical to Plaintiff's case. Without the spoliated security footage, the only way to verify objectively whether Plaintiff tripped over the leg of the sign, or whether the sign was in a reasonably foreseeable path of Plaintiff, would be to rely upon its dimensions, including its weight, to calculate the extent to which the sign may have moved after Plaintiff tripped over its leg. Wal-Mart's own retained expert was forced to estimate the sign's dimensions in his report (Ex. A at 5), and based upon these estimates, concluded that Plaintiff could not have tripped over the leg of the sign (Ex. A at 6-7). However, without having access to the actual sign involved in the incident, neither Wal-Mart's retained expert nor Plaintiff's expert had any independently verifiable measurements upon which to base their conclusions. (See, e.g., Pl.'s Mot. Am. Compl. Ex B at 1-2.).

Finally, it was the Murphy Oil Sign itself, and in particular its placement, that Plaintiff alleges caused him to fall and fracture his hip. It is therefore disingenuous for Wal-Mart to claim that the sign is not a "critical" piece of evidence for Plaintiff's case.

In conclusion, Plaintiff has properly pled in Count V all of the necessary elements of negligent spoliation of evidence as outlined in Boyd, and without access to the spoliated Murphy Oil Sign, Wal-Mart has hampered significantly Plaintiff's ability to prove his case. For these reasons, Plaintiff respectfully requests this Court to DENY Defendant Wal-Mart's Motion to Dismiss Count V of his Amended Complaint.

**-VI-**
**Conclusion**

Given the foregoing, Plaintiff respectfully requests this Court to DENY in its entirety

Defendant Wal-Mart Stores, Inc.'s Motion to Dismiss Counts III, IV and V of Plaintiff's

Amended Complaint.

Dated:  Thursday, July 31, 2008.

**s/ Grant R. Gulovsen**
Grant R. Gulovsen Bar Number: 6256037
Attorney for Plaintiff (Lead Counsel)
BARASH & EVERETT, LLC
PO Box 1408
Galesburg, IL 61402-1408
Telephone: (309) 341-6010
Fax: (309) 341-1945
E-mail: gulovseng@barashlaw.com

BARASH & EVERETT, LLC
256 South Soangetaha Road, Suite 108
Post Office Box 1408
Galesburg, IL  61402-1408
Telephone:        (309) 341-6010
Facsimile:        (309) 341-1945
E-mail:           gulovseng@barashlaw.com