UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Jack L. Stoner, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 06-4053 |
| | ) | |
| Wal-Mart Stores, Inc., | ) | |
| and Murphy Oil USA, Inc., | ) | |
|     Defendants | ) | |

**ORDER AND OPINION**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the Court are the Motion to Dismiss Counts III, IV and V by Defendant Wal-Mart Stores, Inc. (Doc.#47); and the Motion to Strike by Plaintiff (Doc. #50). These motions are fully briefed and I have carefully considered the submissions and arguments of the parties. For the following reasons, the Motion to Dismiss is GRANTED IN PART AND DENIED IN PART; and the Motion to Strike is DENIED AS MOOT.

**JURISDICTION**

Plaintiff Jack Stoner is a resident of Henry County, Illinois. Defendant Wal-Mart Stores Inc. was incorporated in Delaware and has its principal place of business in Arkansas. Defendant Murphy Oil USA, Inc. is a Delaware corporation with its principal place of business in Arkansas. The amount in controversy exceeds $75,000. This Court therefore has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. 1332.

## MOTION TO DISMISS

### Motions to dismiss generally

In the Supreme Court's most recent articulation of the standards that govern motions to dismiss, the Court made it clear that notice pleading is still the rule. Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S.Ct. 1955, 1964-65 (2007). The Court emphasized, however, a plaintiff's obligation to plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 1964. The complaint must include enough detailed factual allegations "to raise a right to relief above the speculative level." Id.. The Court went on to note that:

> Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

Id. at 1965.

The Seventh Circuit has "cautiously" applied Bell. Tamayo v. Blagojevich, 526 F.3d 1074, 1082 (7th Cir. 2008). While acknowledging that Bell had "retooled federal pleading standards", Killingsworth v. HSBC Bank Nevada, 507 F.3d 614, 615-19 (7th Cir. 2007), the Court of Appeals has also warned that Bell "must not be overread." Limestone Dev. Corp. v. Vill. of Lemont, 520 F.3d 797, 803 (7th Cir. 2008).

### Alleged Facts

The First Amended Complaint in this case alleges the following: Wal-Mart operated a store in Kewanee, Illinois. Murphy Oil USA owned and operated a gas station in Kewanee, Illinois. Wal-Mart and/or Murphy Oil placed or allowed to be placed a Murphy Oil USA advertisement in a sidewalk sign stand in front of the entrance to the Wal-Mart store.

On January 10, 2006, Plaintiff Jack Stoner was approaching the entrance door to Wal-Mart. He tripped over one of the legs of the advertising sign located near the door, falling and sustaining serious injuries. Wal-Mart announced a "code white" over the in-store PA system, alerting its employees that an accident had occurred on the premises. Two Assistant Managers responded by going to the front of the store, where they observed Stoner sitting in a wheel chair and heard him complaining of his injuries. They were told by his wife that he had tripped over the leg of the sign.

The two Assistant Managers reviewed footage from a security camera that showed Stoner's fall. One of them secured and labeled the tape so it could be copied, and both filled out accident reports. Subsequently, Wal-Mart taped over the portions of the security videotape that depicted Stoner's fall. Before that was done, however, Wal-Mart copied only that portion of the tape that showed Stoner *after* the fall. Wal-Mart also failed to secure the sign, which is now lost.

The three counts that are the subjects of Wal-Mart's motion to dismiss are Count III for intentional spoliation of the videotape; Count IV for negligent spoliation of the videotape; and Count V for negligent spoliation of the sign.

## Discussion

In Borsellino v. Goldman Sachs Group, Inc., 477 F.3d 502 (7th Cir. 2007), the Seventh Circuit summarized Illinois law regarding spoliation of evidence, as follows:

> [P]laintiffs brought their spoliation charges in two separate claims – one for intentional spoliation of evidence and one for negligent spoliation. The Supreme Court of Illinois has emphasized, however, that the state does not recognize a tort of intentional spoliation of evidence, and that negligent spoliation is not itself an independent tort but rather a type of negligence. Boyd v. Travelers Ins. Co., 652 N.E.2d 267, 273 (Ill.1995); see Cangemi v. Advocate S. Suburban Hosp., 845 N.E.2d 792, 815 (Ill.App.2006)("Plaintiffs cite to no case that specifically recognizes intentional spoliation of evidence as a tort in Illinois. Neither have we found such an Illinois case."). We thus analyze the two charges of spoliation as an ordinary negligence claim, which to prevail will eventually require showing a duty (in this

case to protect documents), a breach of that duty, causation, and damages. Boyd, 652 N.E.2d at 270.

Borsellino, 477 F.3d at 509-510. See also, Dardeen v. Kuehling, 821 N.E.2d 227, 231 (Ill. 2004).

It is true, as Stoner points out, that there is language in Boyd suggesting that, in the right factual situation, the intentional tort of spoliation might be cognizable. Even Stoner concedes that no Illinois case has found that right factual situation. Absent a single Illinois or Seventh Circuit case finding such a factual situation, I decline to accept Stoner's invitation to be the first to do so. The Motion to Dismiss Count III is therefore granted, and that Count is dismissed as a matter of law.

The Illinois Supreme Court followed Boyd with Dardeen in order to clarify the elements of a negligent spoliation claim. First, the Dardeen Court reiterated the basic negligence principles that govern such claims: A plaintiff must show (1) the existence of a duty; (2) a breach of that duty; (3) an injury proximately caused by that breach; and (4) actual damages. Dardeen, 821 N.E.2d at 231. See also, Jones v. O'Brien Tire and Battery Svc. Ctr., Inc., 871 N.E.2d 98 (Ill.App.2007).

The Dardeen Court then discussed a two part test for determining when there is a duty to preserve evidence. First, although the general rule is that there is not a duty to preserve evidence, such a duty may arise by contract or statute, by special circumstances, or by voluntary undertaking. If the duty arises, it extends to the evidence at issue only if a reasonable person would have foreseen that the particular evidence was material to a potential civil action. Dardeen, 821 N.E.2d at 231. If both parts of this test are satisfied, there is a duty to preserve the evidence at issue.

Here, where it is alleged that Wal-Mart's employees knew of the tape and took steps to preserve the tape and knew it contained footage relevant to Stoner's fall, I find that the Complaint adequately raises the existence of a duty to preserve that tape. Given those allegations, moreover,

I cannot say that no reasonable person would have foreseen that the videotape would be material to a potential lawsuit. I conclude that the facts alleged in the complaint adequately plead a duty on Wal-mart's part to preserve the videotape in its entirety.

Wal-Mart also is alleged to have taped over, hence destroying, the relevant portion of the tape. Unlike the defendant in Dardeen, Wal-Mart is alleged to have had both actual possession and actual control over the videotape in question. These allegations are sufficient to plead a breach of the duty to preserve the tape.

In a spoliation claim, the injury that must be proven is that "defendant's loss or destruction of the evidence caused the plaintiff to be unable to prove an otherwise valid, underlying cause of action." Boyd, 652 N.E.2d at 272. In Boyd, the defendant had lost an allegedly defective heater, before the heater had been tested or examined. As a result, no expert testimony could be obtained and the claim could not be proved. Compare, Borsellino, 477 F.3d at 510 (spoliation claim is "connected to the merits of the underlying suit" so that if the plaintiff would be unable to prevail on the underlying claims even with the lost or destroyed evidence, then the spoliation claim fails.)

The injury in this case is of a somewhat different quality than in the cases cited above. If the allegations about the videotape are proven, Wal-Mart's conduct has eliminated crucial direct evidence of the events, leaving the parties to wrangle about who saw what. While it is true that both parties are in the same position, it is equally true that Wal-Mart has totally deprived Stoner of the opportunity to possess indisputable proof and similarly to have solid evidence to rebut Wal-Mart's defense witnesses, including its expert witness.

The fact that there is other evidence does not undercut the significance of the lost videotape. The quality of that evidence - estimates of size and weight and Stoner's own testimony about his fall

- is wide open for challenge by Wal-Mart, because the evidence that might have conclusively established crucial facts has been destroyed or lost by Wal-Mart. Wal-Mart simply cannot be allowed to benefit from its destruction of the tape, if in fact that conduct occurred.

I find that under the rather unique circumstances presented in this case, Stoner has adequately pled an injury[1] sufficient to defeat a motion to dismiss. Whether any damages flow from that injury is wholly dependent upon a jury's verdict. For purposes of the pending Motion to Dismiss, however, the negligent spoliation claim as to the videotape is adequately stated. The same analysis holds for the missing sign. Under the facts alleged - that the sign was positioned on Wal-Mart's property, was under the control of Wal-Mart, and that Wal-Mart employees knew the sign was involved in the Stoner's fall - I find that the Complaint adequately alleges a duty that arose by those circumstances. Given those allegations, I also conclude that a reasonable person could have foreseen that the sign was material[2] to a potential lawsuit. Because Wal-Mart has made the size and weight of the sign an element of the defenses presented in this case, Wal-Mart cannot benefit from their loss of the sign. The complaint adequately alleges both injury and damages.

Wal-Mart's Motion is titled "Motion to Dismiss" but it includes language indicating that it is alternatively a motion for summary judgment. Stoner has moved to strike that part of the motion

---

[1]Unless, of course, Wal-Mart concedes that it will proffer no testimony at trial about the contents of the tape or (see discussion below) about the size or weight of the sign. No such concessions appear in the record. In fact, a review of Wal-Mart's motion reveals the extent to which it will rely on its experts' estimate of the size and weight of the sign. It is not clear the extent to which Wal-Mart's witnesses will testify about the contents of the videotape. Either way, however, Wal-Mart does not dispute the loss of these two pieces of evidence.

[2]No discussion is needed with respect to Wal-Mart's meritless argument that the sign was not sufficiently important that its loss should be viewed as meaningful.

purporting to seek summary judgment, because it meets neither the substance nor the form required for summary judgment motions by this District's Local Rule 7.1.

The Seventh Circuit has repeatedly approved enforcement of Local Rules that dictate the form of summary judgment motions. See, e.g., Bell, Boyd & Lloyd v. Tapy, 896 F.2d 1101,1102-03 (7th Cir. 1990); Schulz v. Serfilco, Ltd., 965 F.2d 516, 519 (7th Cir. 1992); Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir.1994). Stoner here is correct that Wal-Mart's motion falls far short of the standard required by this Court.

Wal-Mart's disregard for this Court's Local Rules is not acceptable. Nonetheless, a brief review of the arguments that might pass for summary judgment arguments reveals no basis for granting summary judgment on the negligent spoliation counts. Citing Boyd, supra, and Village of Roselle v. Commonwealth Edison, 859 N.E.2d 1 (Ill.App.2006), Wal-Mart posits that there must be a nexus between the loss of evidence and Stoner's ability to prove the underlying suit, a nexus that is missing, according to Wal-Mart, because there is other evidence, namely photographs of the sign outside the Wal-Mart entrance, Stoner's own testimony about the fall, and his expert's estimates about the size, weight, and exact position of the sign. Wal-Mart concludes that Stoner has not, therefore, been deprived of his ability to prove his case.

The Boyd Court did not require a plaintiff to show that but for the loss of evidence he would have prevailed. What he must show instead is that but for the loss or destruction of evidence, he would have had a "reasonable probability of succeeding in the underlying suit." Boyd, 652 N.E.2d at 271. If that cannot be shown, then there is no causation. Presumably, then, if it can be shown, the requisite nexus exists. That nexus may very well exist here.

The primary concern in both <u>Boyd</u> and <u>Dardeen</u> was the fact that the underlying litigation was without merit, so even if the plaintiff had the evidence, the case would have been lost. In other words, there would have been no injury and no damages. That cannot be said here. If this case proceeds to trial and Stoner wins on the merits, then the spoliation claims will fail as a matter of law. But if this case proceeds to trial and Stoner loses on the merits, the jury must be allowed to consider the spoliation issues. No one can say at this time whether Stoner will or will not be "able" to prove his case without this evidence. To the extent this motion is one for summary judgment, it is denied. Stoner's motion to strike that motion is also denied as moot.

## CONCLUSION

For the reasons stated herein, I find that the Complaint adequately alleges claims for negligent spoliation but fails as a matter of law on the claim for intentional spoliation. The Motion to Dismiss is therefore granted in part and denied in part. Count III is dismissed. To the extent the Motion to Dismiss purports to be a motion for summary judgment it is denied.

Defendant Wal-Mart is directed to file an answer to Counts IV and V within 14 days of the date of this Order.

ENTERED ON August 18, 2008

                              s/ John A. Gorman

                            JOHN A. GORMAN
                         UNITED STATES MAGISTRATE JUDGE